[No. 36084. En Banc. January 3, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. NICK AMUNSIS
*et al., Appellants.*\*

*R. V. Welts* and *Clarence J. Coleman*, for appellants.

*The Attorney General, Edward E. Level* and *Douglas R. Hartwich, Assistants*, for respondent.

HILL, J.—This is an appeal by the property owner from a judgment based on a $52,000 verdict in a condemnation proceeding. The appellants state the issue succinctly:

"The sole question in this case is this: Under our peculiar

\*Reported in 377 P. (2d) 462.

constitutional provisions,[1] is it or is it not error for the court in a condemnation case, to place the burden of proof of the amount of damage upon the appellant property owner, rather than upon the State, which was the condemning entity, by covering this subject matter exclusively through giving the following instruction . . ."

" 'INSTRUCTION No. 4

" 'You are to return your verdict in favor of the respondents in such an amount as shall be justified by a fair preponderance of the evidence, by applying to the evidence the following rule of the measure of damages:

" ' "Inasmuch as the respondents' entire tract of land is to be acquired by the petitioner, your only consideration is the fair market value of that tract of land, together with any and all improvements which have become permanently affixed thereto. This should be the fair market value as of the time of trial."

" 'By a fair preponderance of the evidence, as used in this instruction, is not necessarily meant the greater number of witnesses furnished by either side, but rather that evidence which, when considered by you in due relation with all of the other evidence offered by either side, is the more convincing to your minds'

"This instruction was excepted to by the appellants . . . upon the theory that it failed to place the burden of proof upon the moving party, being the petitioner, State of Washington, but rather shifted that burden and put upon

---

[1]Amendment 9: "Art. 1, § 16. EMINENT DOMAIN. Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes. No private property shall be taken or damages for public or private use without just compensation having been first made, or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law. Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public: *Provided,* that the taking of private property by the state for land reclamation and settlement purposes is hereby declared to be for public use. [1919 p 385 § 1. Approved, November, 1920]"

the property owner, the burden of proving the extent of his damage. . . ."

■ We do not believe that "a fair preponderance of the evidence" is an appropriate or desirable phrase[2] in an instruction in a condemnation case, especially where there is no issue presented except—what is the fair market value, *at the time of trial*, of the property being condemned. The criticized instruction does not say that the property owner must prove anything by a fair preponderance of the evidence; it says the amount of the verdict is to be based on such a preponderance; and it cannot be prejudicial to either party because all question of burden of proof or weight of the evidence went out the window when the court told the jury that "a fair preponderance of the evidence," is not necessarily the greater number of witnesses furnished by either side,

". . . but rather that evidence which, when considered by you in due relation with all of the other evidence offered by either side, is the more convincing to your minds."

In short, the evidence which convinces "you" meets the test of being a fair preponderance.

It is conceded that the state or other condemner has the burden of proceeding with the evidence as to value. It seems to us that no matter what is said about the burden of proof,[3] it follows as a practical matter that if the property owner wants more than the condemner's evidence indicates the fair market value to be, he will have to introduce some evidence of value more convincing to the minds of the jury than that offered by the condemner. The jury has already been told that the evidence which convinces "you" is a fair preponderance.

We cannot believe that a jury so instructed could be

---

[2]Such a phrase is conceded to be misleading in *Muccino v. Baltimore & Ohio R. Co.* (1929), 33 Ohio App. 102, 168 N. E. 752.

[3]We commend a reading of the opinion in *Martin v. City of Columbus* (1920), 101 Ohio St. 1, 127 N. E. 411, for an excellent statement as to why there is no burden of proof with reference to the value of property in condemnation cases.

prejudicially confused by the instruction which is made the assignment of error in this case. It is, however, as we have said, an inappropriate instruction in such a case, and we express the hope that the state will cease to ask for it and that trial judges will cease to give it.

■ The following quotation from *Martin v. City of Columbus* (1920), 101 Ohio St. 1, 127 N. E. 411 (see note 3), admirably expresses our own views:

"The considerations touching the burden of proof between the parties to a condemnation case, upon the question of value, have all been based upon the assumption that there is a burden of proof. If there is a burden of proof, the question properly arises as to who shall meet it, who shall carry it; and if there be a shortage in that respect, as to who shall fail.

"Very properly, however, the question that first is entitled to our consideration is this: Is there any 'burden of proof,' as that phrase is used and defined in the practice of the law touching cases of this character?

"It may be helpful at this stage of the case to consider what is meant by the technical phrase 'burden of proof.' . . ."

It then quotes from 16 Cyc. 926, and 23 Cyc. 368, and continues:

"From the foregoing texts it is quite apparent that there is no technical, formal, legal issue relating to the value of the property in question, to which the technical phrase 'burden of proof' may intelligently and reasonably be applied. There is no definite, concrete, particular issue of fact to be submitted to the jury, which is affirmed on one side and denied upon the other. The nature of the controversy between the parties is such that it does not permit or admit of any such simplicity of statement, of any such definiteness of controversy, of any formula of fact, which is claimed on one side and denied upon the other.

"In order to raise such form of technical issue, to which rules arising out of burden of proof would apply, it would be necessary for the one party to determine upon a definite, particular proposal as to value, which definite proposal would be affirmed by one party and denied by the other. Such unusual proposal would doubtless furnish the necessary technical issue to which the technical rules applicable to burden of proof would apply; but such would be

most unusual in a condemnation case, where the witnesses for the condemner, as well as for the property owner, will vary thousands of dollars as to what the fair market value of the property is at the time of the inquiry, so that the jury would have before it no definite issue to which it could logically and reasonably apply the doctrine known as 'burden of proof.'

" . . . You might as well undertake to fit a hat to a headless man as to fit the doctrine of burden of proof to a proceeding of this character, which is absolutely wanting an issue to which such doctrine can be applied."

For the reasons indicated, there should hereafter be no suggestion that either the property owner or the condemner, in such a case, has to prove the fair market value at the time of trial of the property being condemned. After the condemner has met the burden of going forward with the evidence as to value, it is a question for the jury on the probative effect of all the evidence regardless of who offered it, and the jury should be so instructed.

While we find the instruction complained of to be inappropriate, it was not, as limited, in any respect prejudicial, and the judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, OTT, and HAMILTON, JJ., concur.

HUNTER, J. (dissenting)—I agree with the majority that the phrase "a fair preponderance of the evidence" is not an appropriate or desirable phrase in an instruction in condemnation cases. From the use of the phrase in instruction No. 4, I think the jury could have been confused in believing it could determine whether the evidence of one party preponderated over the other, in its consideration of all the evidence, and could have thereby found by the instruction that the appellants failed to establish by the preponderance of the evidence that their land had the fair market value as they contended. The prejudicial inference therefrom being that the appellants had the burden of establishing their contention of fair market value by the preponderance of the evidence.

The case should be reversed and remanded for a new trial giving the appellants the benefit of appropriate and desirable instructions on the issue of fair market value of their land as outlined by the majority.