Carl AHLSTROM and Mary Carolyn Ahlstrom, Appellants,

v.

Troy Edwin CUMMINGS and the Administrator of the Estate of Juanita Jelich, Deceased, Appellees.

No. 330.

Supreme Court of Alaska.

Jan. 20, 1964.

Russell E. Arnett, Anchorage, for appellants.

David H. Thorsness, Hughes, Thorsness & Lowe, Anchorage, for appellee, Troy Edwin Cummings.

James J. Delaney and Eugene F. Wiles, Plummer, Delaney & Wiles, Anchorage, for appellee, The Estate of Juanita Jelich, Deceased.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellants brought this action for personal injuries arising out of an automobile accident. A jury found for the appellees. Appellants contend that errors were committed in the court below which require that the case be remanded for a new trial.

Appellants' main point is that the jury's verdict was contrary to law and the weight of the evidence, and therefore the trial court erred in failing to grant a new trial.

The matter of granting or refusing a new trial rests in the sound discretion of the trial judge. We shall not interfere with the exercise of his discretion except in the most exceptional circumstances and to prevent a miscarriage of justice.[1] The circumstances which would require our intervention do not exist here. From a review of the record we cannot say that evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly

unreasonable and unjust.[2] On the contrary, we find that the issues which the jury were called upon to decide turned upon facts which were in dispute, and that there was clearly an evidentiary basis for the jury's decision.

The next point on this appeal has to do with facts which showed that before the trial appellants' counsel had told appellee, Troy Cummings, that this action was a "friendly suit", that appellants did not intend to seek personal recovery against him, and that an insurance company would be responsible for damages. These facts were brought out by Cummings' testimony in direct examination, and by Cummings' counsel in both his opening and closing statements to the jury. Appellants contend that to allow such facts to go before the jury was prejudicial error.

At no time during the trial did appellants' counsel contend that the statements made by Cummings' attorney were improper and prejudicial. When Cummings testified as to what had been said to him regarding the friendly nature of the suit by appellants' counsel, the latter not only voiced no objection, but went on to cross-examine Cummings on the subject of insurance coverage on the automobile involved in the accident. This is a clear case of a waiver by appellants' counsel of any error that might have taken place.[3] Counsel may not remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that opposing counsel's statements to the jury or the testimony of a witness were improper and prejudicial.[4]

As their last two points appellants argue that the trial judge erred in refusing to admit certain hospital records into evi-

1. Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350, 354 (4th Cir. 1941).

2. See Miller v. Pennsylvania R.R., 161 F. Supp. 633, 641 (D.D.C.1958).

3. "In administering the rules of evidence it is a cardinal precept that if one has an objection to the introduction of evidence he must voice his objection prompt-
ly, and that if he fails to do so the objection is waived." (Citing Alaska cases) Thomson v. Wheeler Const. Co., Opinion No. 163, 385 P.2d 111, 115 (Alaska 1963).

4. Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961); Rank v. State, 373 P.2d 734, 736 (Alaska 1962).

dence, and that the jury's verdict was the result of passion or prejudice. We need not decide the question as to the admissibility of the hospital records, since they related to the issue of damages which passed out of the case when the question of liability was resolved in appellees' favor. As to the verdict, there is nothing to indicate that the jury was ruled by passion or prejudice.

The judgment is affirmed.