STATE of Alaska, Appellant,

v.

45,621 SQUARE FEET OF LAND, Archie
W. Stewart, et al., Appellees.

No. 1115.

Supreme Court of Alaska.

Sept. 21, 1970.

G. Kent Edwards, Atty. Gen., Robert E.
Price, Asst. Atty. Gen., Juneau, for appellant.

Michael M. Holmes, of Faulkner, Banfield, Boochever & Doogan, Juneau, Jeremiah M. Long, of Broz, Long, Mikkelborg, Wells & Fryer, Seattle, Wash., for appellees.

Before BONEY, C. J., DIMOND, RABINOWITZ, and CONNOR, JJ., and FITZGERALD, Superior Court Judge.

## OPINION

RABINOWITZ, Justice.

The property in question was condemned by the State of Alaska for construction of the Juneau Outer Drive. In conjunction with the filing of its declaration of taking, the state deposited $37,250 which represented the state's estimate of just compensation. A hearing was then held before a master who concluded that appellee Stewart should receive $60,200 as just compensation. The state appealed the master's determination and after trial de novo, a superior court jury returned a verdict in the amount of $75,000. In addition, the jury, in answer to two interrogatories, placed the value of the land at $75,000 and found that the site improvements were of no value. Judgment was entered for the Stewarts in the amount of $75,000, plus interest from the date of taking and attorney's fees in the amount of $3,750. Thereafter, the state moved for a new trial on the grounds that the verdict was excessive, contrary to the weight of the evidence and a product of passion and prejudice on the jury's part. It was further alleged that a new trial should be granted due to the court's refusal to give the state's requested instructions pertaining to burden of proof and because of the trial court's refusal to allow into evidence a tax assessment of the subject property. The state's motion for a new trial was denied and this appeal followed.

Essentially, three questions are presented in this appeal. In its first specification of error, the state contends that the trial court acted incorrectly when it refused to

instruct the jury that in a condemnation case there is a burden on the defendant landowner to establish by a preponder-

ance of the evidence in the case that the fair market value as of the date of taking of his estate or interest in the property which has been taken by the State of Alaska was as much as he alleges.

This presents us with a question of first impression as to the burden of proof in condemnation proceedings.[1] It appears that American courts have employed three rules with respect to burden of proof in such cases. These differing approaches were summarized by the Supreme Court of Oregon in the following manner:

(1) The taking agency has the burden of proving just compensation. It is the moving party and seeks to change the status quo. The condemnor therefore must prove all parts of its case. * * *

(2) Neither party has a burden of proof. The measurement of just compensation involves a question of fact to be determined *in rem* and without adversary pleadings. This rule is based on the theory that the parties are not adversaries, therefore neither should have a greater burden of proof than the other. * * *

(3) When the taking agency is a governmental subdivision, it is presumed to have made a fair offer, and, accordingly, the landowner has the burden of proof that just compensation requires a sum greater than the amount conceded by the government. (So-called majority rule, followed by at least 24 states. * * *)[2]

In the case at bar, the trial judge did not give the jury any instruction on burden of proof. We affirm the trial judge's refusal to instruct that the landowner has the burden of proving by a preponderance of evidence the just compensa-

---

1. In Alaska State Housing Authority v. Vincent, 396 P.2d 531 (Alaska 1964), the question of burden of proof was not briefed in any depth and was not essential to disposition of the case. As to the subject of burden of proof, we said in the *Vincent* case that:

The burden of proof as to value was, of course, upon the owner of the prop-

erty, the Vincents.

*Id.* at 533 (footnote omitted).

2. State by and through State Highway Commission v. Nelson, 222 Or. 458, 353 P.2d 616, 617 (1960); *See* 5 L. Sackman & P. Rohan, Nichols, The Law of Eminent Domain § 18.5 (rev. 3d ed. 1969).

tion to which he is entitled in a condemnation proceeding.

Section 18 of Article I of the Alaska Constitution establishes that "[p]rivate property shall not be taken or damaged for public use without just compensation." In our view this constitutional guarantee, together with the peculiar *in rem* nonadversary pleadings characteristic of condemnation proceedings, distinguish these proceedings from ordinary civil actions. The differences have led us to the conclusion that instructions on burden of proof, in the sense of allocating the risk of failure to persuade the jury, are inappropriate in condemnation actions.[3] Regarding ordinary civil litigation, Professor McCormick states:

> There is, then, it seems, no key-principle which governs the apportionment of the burden of persuasion. In ascertaining the party who is to carry this burden, we can only look to the practice which the courts in the light of tradition and of their notions of convenience, fairness and policy, have worked out in the particular type of case, for burden of pleading and thus for the companionate burden of persuasion.[4]

 In a condemnation proceeding such as the case at bar where the sole issue is determination of just compensation, procedural rules involving the concept of risk of failure to persuade are inapposite. Here the focal point of the trier of fact's inquiry is the ascertainment of just compensation. Thus, regardless of whether the condemning agency or the property owner meets a given burden of persuasion, Alaska's constitutional mandate requires that the owner be awarded just compensation for the property he has lost. In the usual condemnation case, the jury is confronted with conflicting opinions as to value. The jury is not faced with the necessity of finding a particular value or no value at all. As to the issue of fair market value, both the condemning agency and the property owners may produce competent evidence of the fair market value of the condemned property. Absent the production of such evidence by either party, the triers of fact will determine fair market value solely from the other party's evidence. The burden of production facet of burden of proof, rather than the risk of non-persuasion aspect, is the more meaningful concept in the trial of a condemnation proceeding.

Other courts have reached similar conclusions regarding the inappropriateness of burden of proof instructions, in the risk of non-persuasion sense for condemnation purposes. Since 1920 the courts of Ohio have held that the doctrine of burden of proof has no application to condemnation proceedings. Martin v. City of Columbus, 101 Ohio St. 1, 127 N.E. 411 (1920); Ellis v. Ohio Turnpike Commission, 70 Ohio Law Abst. 417, 124 N.E.2d 424, 432 (Ct. App.1955); In re Appropriation by Director of Highways, 120 Ohio App. 273, 201 N.E.2d 889, 894 (Ct.App.1963). In reaching this conclusion, the Ohio courts have placed emphasis on the absence of adversary pleadings,[5] and the jury's paramount

---

3. See IX J. Wigmore, Evidence §§ 2485–86 (3d ed. 1940), for discussion of the risk of non-persuasion—duty of producing evidence meanings of burden of proof.

4. C. McCormick, Evidence 675–76 (1954) (footnote omitted). Professor Wigmore reaches a similar conclusion as to the allocation of the burden of persuasion. He states:
 > There is, then, no one principle, or set of harmonious principles, which afford a sure and universal test for the solution of a given class of cases. The logic of the situation does not demand such a test—it would be useless to attempt to discover or to invent

one; and the state of the law does not justify us in saying that it has accepted any. There are merely specific rules for specific classes of cases, resting for their ultimate basis upon broad reasons of experience and fairness. IX J. Wigmore, Evidence § 2486, at 278 (3d ed. 1940) (footnote omitted).

5. Civ.R. 72(d) (2) provides in part that the plaintiff's notice should state
 > that regardless of whether the defendant appears or answers, he may present evidence as to the amount of compensation to be paid for his property at the hearing or trial of the issue of just compensation * * * that if neither

function of ascertaining just compensation for the property taken.[6]

Oregon provides by statute that:

Plaintiff and defendant may offer evidence of just compensation, but neither party shall have the burden of proof of just compensation.[7]

We hold that the trial court did not err in refusing to instruct the jury on the subject of burden of proof. In the case at bar, the jury was informed that the exercise of the power of eminent domain is subject to the constitutional requirement of payment of just compensation. The jury was further instructed that their only concern was the determination of the just compensation to be awarded. In this regard, the jury was given detailed instructions as to the applicable criteria for determination of just compensation and was specifically charged that:

The compensation to be paid by the State of Alaska for an estate or interest in property must be just. In order to be just, the amount of such compensation must be fair, not only to the owner whose property is taken, but also to the public which is to pay for it. If the amount of your verdict is less than the amount you believe to be the defendant's loss, based upon the fair market value of the property taken at the time of the taking, then the compensation is not just to the owner. If it is more than that amount, then the compensation is not just to the State.

Study of the court's entire charge to the jury leads to the conclusion that the trial court's instructions were not erroneous.[8]

Appellant's next two specifications of error pertain to a 1966 tax assessment which was made by the Greater Juneau Borough. Appellant asserts that the court erred in failing to admit into evidence the 1966 assessment[9] and in failing to instruct the jury that

---

an appearance nor an answer is filed the court will proceed to hear the action and to fix the compensation without further notice. * * *
Civ.R. 72(e) (4) provides in part that:
A defendant waives all defenses and objections not presented as provided * * *, but at the hearing or trial of the issue of just compensation, whether or not he has previously appeared or answered, and even though default judgment may have been entered against him, he may present evidence as to the amount of compensation to be paid for his property * * *.
Thus, Alaska's procedural rules pertaining to condemnation actions do not provide a burden of pleading which could be looked to as determinative of the companionate burden of persuasion.

6. State v. Amunsis, 61 Wash.2d 160, 377 P.2d 462, 464 (1963); City of Wichita v. Jennings, 199 Kan. 621, 433 P.2d 351, 356 (1967). In *Amunsis*, the Supreme Court of Washington referred to Martin v. City of Columbus, 101 Ohio St. 1, 127 N.E. 411 (1920). The court stated that an instruction on burden of proof in condemnation actions was "an inappropriate instruction * * * and we express the hope that the state will cease to ask for it and that trial judges will cease to give it." 377 P.2d at 464.

7. Ore.Rev.Stat. 35.085(2). In regard to eminent domain proceedings, subsection (1) of Ore.Rev.Stat. provides:
Evidence shall be received and the trial conducted in the order and manner prescribed in ORS chapter 17, except that the defendant shall have the option of proceeding first or last in the presentation of the evidence. Unless the case is submitted by both sides to the jury without argument, the party who presents evidence first shall also open and close the argument to the jury.

8. Concerning the separate questions of order of proof and order of final arguments of counsel in condemnation proceedings, we believe these are matters that should be left to the discretion of the trial judge. Civ.R. 46(b) provides:
Unless otherwise ordered by the court, which may regulate the order of proof in the exercise of sound discretion, the plaintiff shall then introduce evidence on his part, and when he has concluded the defendant shall do the same.
See §§ (a) and (g) of Civ.R. 46 regarding opening statements and final arguments of counsel.

9. The state's offer of proof was to the effect that a witness in its behalf would have
testified that in 1966 the tax evaluation on the property of Dr. and Mrs. Stew-

[t]his assessment of property by the assessor is prima facie evidence of the full and true value in money of the property for all legal purposes and proceedings.

The majority rule excludes property tax assessments from evidence in condemnation cases on the rationale that such an assessment is *res inter alios acta*, notoriously unreliable as a criterion of true value [10] or the opinion of persons not called as witnesses and subject to cross-examination.

On the other hand, appellant argues that in Alaska, AS 29.10.396 requires "[p]roperty shall be assessed at its full and true value." Appellant further relies upon AS 29.10.390 which provides that:

The assessor is not bound to accept a return as correct, but if he thinks it necessary or expedient, he may make an independent investigation of property returned. If he suspects that a person who has not made a return has property subject to taxation, the assessor shall make an independent investigation as to the property of that person. In either case, the assessor may make his own valuation and assessment of the taxable amount of the property, which shall be

prima facie evidence for all legal purposes and proceedings.

Appellant contends that this latter statute authorizes the admission into evidence of tax assessments in condemnation proceedings. Against this interpretation, appellees point out that AS 29.10.390 was enacted into law by Section 9, Chapter 174, SLA 1957. The purpose of this 1957 enactment was "to provide a uniform procedure in taxing, levying, and collecting, including the foreclosure of, taxes by * * * those political subdivisions now authorized and empowered to impose and collect taxes on real and personal property." [11]

 In view of the special purposes for which tax assessments are made, the fact that there is little likelihood that an owner would contest an underassessment or an assessment which did not reflect the property's full value, the potential unreliability of such assessments due to the varied qualifications of assessors, and the fact that such assessments standing alone embody the opinions of persons not called as witnesses and not subject to cross-examination we remain unpersuaded that departure is warranted from the majority rule which prohibits the admission of property tax assessments as evidence of fair market value in

art was $27,400.00. The tax assessment on the land was $8,600.00, the tax assessment on the building was $18,800.00.

10. It is stated in 5 J. Sackman & P. Rohan, Nichols, The Land of Eminent Domain § 22.1 (rev. 3d ed. 1969) (footnote omitted), that:

It is almost everywhere the law that the value placed upon a parcel of land for the purposes of taxation by the assessors of the town in which it is situated is no evidence of its value for other than tax purposes.

See also United States v. Certain Parcels of Land in Arlington County, 261 F.2d 287, 290 (4th Cir. 1958) (citations omitted), where the court said:

Various reasons have been offered by the courts and by text writers for the exclusion of this evidence of assessed value. Some courts have rested their action on the statement that assessments for taxation are notoriously unreliable as a criterion of true value.

* * * Other courts have rejected the evidence on the ground that such a valuation is *res inter alios acta*. * * * In Cincinnati, H. & I. R. Co. v. McDougall, 108 Ind. 179, 8 N.E. 571, 573, the Court held assessed valuations inadmissible because '(S)uch valuations are to be regarded as having been made for a special purpose * * * and are not competent as original evidence of value for any other than the purpose for which they are made. * * *.'

We think the sound reason for ruling out evidence of the assessed valuation is that it merely represents the opinion of persons who are not called as witnesses and not subject to examination as to the factors on which they based their opinion. To accept it would be to say to the jury: 'Messrs. A., B. and C. (the assessors) were of opinion that this land had a value of $_____', without presenting A., B. or C. as a witness.

11. SLA 1967, ch. 174, § 1.

condemnation actions.[12] Nor do we find it reasonable to construe AS 29.10.390 as furnishing the basis for the admissibility of tax assessments in condemnation proceedings. Given the limited purpose of the 1957 act, we can discern no indication that the legislature intended to make tax assessments prima facie evidence of value in condemnation proceedings. Since AS 29.10.390 is an integral part of Alaska's statutes establishing a uniform procedure in taxing, levying, collecting, and foreclosing taxes by political subdivisions of the state, we believe that the phrase "for all legal purposes and proceedings" was intended by the legislature to make tax assessments prima facie evidence only in proceedings relating to the taxing, levying, collecting, and foreclosing of taxes.

Appellant's final point on appeal is that the trial court erred in not granting its motion for a new trial. The parties agree that Ahlstrom v. Cummings, 388 P.2d 261, 262 (Alaska 1964) (footnotes omitted), articulates the controlling rule. There we said:

> The matter of granting or refusing a new trial rests in the sound discretion of the trial judge. We shall not interfere with the exercise of his discretion except in the most exceptional circumstances and to prevent a miscarriage of justice. The circumstances which would require our intervention do not exist here. From a review of the record we cannot

say that evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust.

Also of significance is our opinion in Alaska State Housing Authority v. Vincent, 396 P.2d 531, 535–536 (Alaska 1964). In that case, the trial judge in his discretion stated, in part, he believed that the verdict was within the range of the testimony, was not so excessive as to warrant intervention, and it was unnecessary for the jury to accept the valuation of any witness. The trial judge went on to say he believed that the "jury was entitled to sort out the testimony and fix their own valuation on the property, making such allowances as might to them seem appropriate in the light of the testimony." In *Vincent* at 536, we said:

> [W]e cannot find any fault with the foregoing remarks of the trial judge and we cannot say that he abused his discretion in denying the motion for a new trial.

Guided by the *Ahlstrom* and *Vincent* standards, we hold that the trial court did not commit an abuse of discretion in denying appellant's motion for new trial. Here the jury's determination of just compensation is within the range of the testimony, and in our opinion is not reflective of any passion or prejudice on the jury's part.

The judgment entered below is affirmed.

---

12. There may be an exception where a taxing entity assesses at one level of value but later the same entity condemns at a lower value. There is authority for admitting the assessed valuation in evidence in such cases. But that issue is not presented here for decision.