Leslie WERNBERG, Appellant,

v.

MATANUSKA ELECTRIC ASSOCIATION,
Inc., a corporation, Appellee.

No. 1456.

Supreme Court of Alaska.

March 17, 1972.

James K. Tallman, Anchorage, for appellant.

John D. Shaw, Palmer, for appellee.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

## OPINION

ERWIN, Justice.

This appeal arises out of an action brought on June 3, 1965, by appellant Wernberg against appellee Matanuska Electric Association for trespass to his homestead in the Talkeetna area. The homestead patent, issued in 1954, reserved the highway right-of-way pursuant to a federal statute. The state acquired the right-of-way in 1963 under the statute by serving Wernberg with a standard Notice of Utilization. The 200-foot wide right-of-way extending across Wernberg's land was partially cleared by the State Highway Department, but the easternmost 30 feet remained covered with trees and vegetation. In 1964 the State Highway Department issued Matanuska Electric a Utility Permit authorizing the construction of an electric power line inside the uncleared 30-foot strip in the right-of-way. Negotiations with Wernberg to acquire an easement outside the highway right-of-way failed, so Matanuska Electric began construction of a line by clearing the easternmost 30 feet of the right-of-way. Wernberg filed suit while the power line was under construction seeking injunctive relief and damages.

At trial, appellant Wernberg introduced evidence of the destruction of trees and testified that the power line would interfere with his proposed airstrip and with a proposed business site on the east side of the highway. On cross-examination, however, Wernberg admitted that he had made no investment nor done anything to start those business ventures. The jury[1] awarded damages of $15,000 which were broken down into $2,500 for damage to the trees and $12,500 in general damages. On motion by the defendant, the superior court ordered remittitur to $7,500, or, in the alternative, a new trial on the ground that the verdict was excessive. In its memorandum opinion the court accepted the jury's decision regarding damages to the cut timber, but said that Wernberg's evidence concerning the damage to his proposed landing strip paralleling the right-of-way was "purely speculative and not very satisfactory." The court also stated that there were several matters that were admitted without objection from the defendant that may have improperly influenced the jury and that general damages above $5,000 were the result either of unjustified consideration of these matters or "passion and prejudice".[2]

Appellant refused the remittitur and a second trial was held. At the second trial, Matanuska Electric presented an expert in real estate appraisal who testified over objection as follows:

> My conclusion is that the value of the property was exactly the same after the trees were—were removed as it was prior to their removal because they were in a public right-of-way and normally accepted in that light by the knowledgeable parties to such transactions, both buyers and sellers. The trees in fact were not theirs and could be removed at any time by the department of highways.[3]

1. Although there is authority that it is proper to locate electric power lines inside a highway right-of-way and that no additional compensable servitude is thereby placed on the adjacent land, the court let the case go to the jury and there has been no cross-appeal on this point. *See* United States v. Oklahoma Gas & Elec. Co., 318 U.S. 206, 63 S.Ct. 534, 87 L.Ed. 716 (1942).

2. In Hash v. Hogan, 453 P.2d 468 (Alaska 1969), this court held that where the court finds the verdict to be the result of "passion and prejudice", it must order a new trial, not just remittitur. Any error here, however, was cured by the second trial.

3. Although there was an objection to this testimony at trial on the ground that the witness stated a conclusion of law, this is not raised on appeal by appellant.

The jury's verdict was entered on November 19, 1970, for "None (Zero)" and six interrogatories were answered by the jury as follows:

1. What damages were caused to plaintiff as the result of the cutting of trees and bulldozing of a 30 foot strip of land in the 200 foot wide road right-of-way?

ANSWER: $ NONE

2. Was there an encroachment or trespass committed by defendant on plaintiff's land outside of the area covered by the 200 foot road right-of-way?

[ANSWER:] Yes.

3. If your answer to 2., above, is YES, was the encroachment deliberate, or was it casual, involuntary, or committed by defendant under a belief it had a right to be there—that is, not a deliberate encroachment?

[ANSWER:] NOT DELIBERATE.

4. What were the actual damages caused to plaintiff, if you find that an encroachment occurred outside of the area covered by the 200 foot road right-of-way?

ANSWER: $ NONE.

5. What damages did plaintiff suffer with respect to his proposed aircraft landing strip?

ANSWER: $ NONE.

6. What damage did plaintiff suffer with respect to his business site?

ANSWER: $ NONE.

On January 29, 1971, the court entered an order denying plaintiff's motion for a new trial and upon its own motion entered judgment notwithstanding the verdict "for plaintiff in the amount of nominal damages of $1.00" and awarding plaintiff $250 in attorney's fees.

■ Appellant initially argues that the superior court erred in setting aside the judgment in the first trial and ordering a remittitur or a new trial.

Alaska Civil Rule 59(a) provides simply:

A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury . . . if required in the interest of justice.

In deciding on review whether the grant or denial of a motion for a new trial was proper, however, it is well established that the rule is as follows:

The matter of granting or refusing a new trial rests in the sound discretion of the trial judge. We shall not interfere with the exercise of his discretion except in the most exceptional circumstances and to prevent a miscarriage of justice. (footnote omitted)

Ahlstrom v. Cummings, 388 P.2d 261, 262 (Alaska 1964).[4] In National Bank of Alaska v. McHugh, 416 P.2d 239, 244 (Alaska 1966), the court elaborated, stating:

In order for us to hold that the trial judge has abused his discretion, we would have to be left with the definite and firm conviction on the whole record that the judge made a mistake in refusing to order a remittitur or grant a new trial in response to appellant's motion. (footnote omitted)

We find no such abuse of discretion.[5]

4. *See also* Dowling Supply and Equipment, Inc. v. City of Anchorage, 490 P.2d 907 (Alaska 1971); State v. 45,621 Sq. Feet of Land, 475 P.2d 553, 558 (Alaska 1970); Maxwell v. Olson, 468 P.2d 48, 49 (Alaska 1970); Hash v. Hogan, 453 P.2d 468, 471–472 (Alaska 1969); West v. Adm'rx of Estate of Nershak, 440 P.2d 119, 121 (Alaska 1968); Peters v. Benson, 425 P.2d 149, 151 (Alaska 1967); Bertram v. Harris, 423 P.2d 909, 915 (Alaska 1967); Mallonee v. Finch, 413 P.2d 159, 162 (Alaska 1966); Otis Elevator Co. v. McLaney, 406 P.2d 7, 10 (Alaska 1965); Alaska State Housing Authority v. Vincent, 396 P.2d 531, 535 (Alaska 1964); Montgomery Ward v. Thomas, 394 P.2d 774, 774–775 (Alaska 1964). The federal case authority is to the same effect. *See* 3 Barron & Holtzoff, Federal Practice & Procedure, ¶ 1301–1302.1 at 337–56 (Wright Ed. 1958).

5. The trial judge's conclusion that the $15,000 verdict was excessive is supported

■ Appellant challenges the order of remittitur on the grounds that the order deprived him of his constitutional right to a jury trial. However, appellant refused to accept the remittitur and in fact had a second jury trial. Thus, what appellant appears to be arguing is that he is entitled to the verdict rendered in the first trial as a constitutional right without regard to whether the jury fairly and impartially considered the case on the evidence presented. We decline to adopt such a rule. Appellant is entitled to a jury trial before a fair and impartial jury. It is the duty of the trial judge to assure this event. In this case the court determined that the verdict was not in conformity with the evidence. We see no abuse of discretion in this decision.

Appellant next contends that the jury verdict in the second trial was contrary to the evidence. In answers to interrogatories submitted by the judge, the jury found that a trespass had occurred on the land outside the right-of-way, but that it was not deliberate. Appellant argues that the jury verdict was inconsistent with the evidence in that it found that a trespass had occurred but awarded no damages.

■ While the common law rule was that from every direct entry upon the land of another "the law infers some damage; if nothing more, the treading down of grass or herbage",[6] Prosser argues that it "seems more reasonable to limit recovery without proof of damage to cases of intentional invasion, where the trespass action may serve an important purpose in deter-

mining and vindicating the right to exclusive possession of the property."[7] Similarly, the Second Restatement of Torts provides as follows:

165. One who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legally protected interest.

166. Except where the actor is engaged in an abnormally dangerous activity, an unintentional and non-negligent entry on land in the possession of another, or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest.[8]

This would seem to be the better, modern view. Thus, since the jury found that the trespass caused no actual damage and was non-deliberate, it was not required to award any damages.[9]

■ Plaintiff next attempts to argue that the jury verdict was contrary to uncontroverted evidence that the trespass was deliberate and that there were damages to the proposed landing strip. This conten-

---

by the fact that the Matanuska-Susitna Borough had apparently assessed the property for tax purposes at less than $8,000. This evidence was introduced at trial without objection of counsel. *Compare* State v. 45,621 Square Feet of Land, 475 P.2d 553, 557–558 (Alaska 1970).

6. Dougherty v. Stepp, 18 N.C. 371 (1835). *See* W. Prosser, Law of Torts § 13, at 66–67 (4th ed. 1971).

7. Prosser, *supra* note 5, at §§ 66–67.

8. *Restatement (Second) of Torts* §§ 165, 166 (1965).

9. Even in jurisdictions following the common law rule a plaintiff who establishes the fact of technical trespass but not the amount of damage may only recover nominal damages. *See* 1 Harper & James, Law of Torts § 1.8 (1956) ; W. Prosser, Law of Torts § 13, at 66–67 (4th ed. 1971) ; C. McCormick, Law of Damages § 23, at 91 (1935) ; Keesling v. City of Seattle, 52 Wash.2d 247, 324 P.2d 806, 809 (1958) ; Mackey v. Board of County Commissioners, 185 Kan. 139, 341 P.2d 1050, 1056 (1959) ; Haase v. Helgeson, 57 Wash.2d 863, 360 P.2d 339, 341 (1961).

tion is without merit. Not only is there evidence to support the jury's finding, but in Innes v. Beauchene, 370 P.2d 174, 177 (Alaska 1962), the court, quoting from Young Ah Chor v. Dulles,[10] stated the rule to be:

'The trier of fact need not accept the uncontradicted testimony of a witness who appears before it, and the demeanor of that witness may be such as to convince the trier that the truth lies directly opposed to the statements of the witness. (Citing authorities.) This rule is particularly true where the witness is interested in the outcome of the case, or where his testimony is improbable or contains patent omissions and inconsistencies. (Citing authorities.)'

■ Appellant additionally advances the point that the court incorrectly instructed the jury regarding the burden of proof and the damages to be awarded. Although the appellant argues that four instructions were improper, this section of the brief is only two pages long and contains no citation to any authority whatsoever. Supreme Court Rule 11(a) (8) provides that:

[The brief shall contain] [t]he argument, stating clearly the points of fact and of law being discussed, with reference to the pages of the record and *authorities relied upon in support of each point.* (emphasis added)

In Lewis v. State, 469 P.2d 689, 691–692, note 2, this court said:[11]

We interpreted this rule to require that where a point is specified as error in a brief on appeal, thus raising such

point as one to be relied upon, but such point is not given more than cursory statement in the argument portion of the brief, such point will not be considered by the Supreme Court. Failure to argue a point constitutes an abandonment of it. Associated Engineers & Contractors, Inc. v. H. & W. Const. Co., 438 P.2d 224 (Alaska 1968).

'If the adversary system is to function at the appellate level, counsel's participation and minimal compliance with the rules of this court are necessary.' Pedersen v. State, 420 P.2d 327, 330 n. 5 (Alaska 1966).

We thus conclude that appellant has abandoned these points on appeal.

■ Where one, acting under mistake as to boundary or to title, cuts timber, the usual rule of damages is to give the owner the amount of the diminution in value of his land due to the removal of the timber.[12] Some jurisdictions use as the measure of damages the loss of the actual value of the trees,[13] while still others permit the plaintiff to choose either theory for damage recovery.[14] In the case at bar the court instructed the jury that they could use either theory.[15] Appellant asserts that this was error and that the error was compounded by permitting expert testimony by a real estate appraiser based on the legal theory that the loss of the trees had not decreased the value of the property, nor did the timber have independent value in the area.

Appellant does not explain what the correct legal formula for damages should be,

10. 270 F.2d 338, 341 (9th Cir. 1959).

11. *See also* Fairview Development, Inc. v. City of Fairbanks, 475 P.2d 35 (Alaska 1970).

12. C. McCormick, Law of Damages § 126, at 491 (1935) ; National Rating Bureau v. Florida Power Corp., 94 So.2d 809, 811 (Fla.1956).

13. United States v. Firchaw, 234 Or. 241, 380 P.2d 800, 804 (1963) ; Barker v. Missouri Pac. Ry. Co., 94 Kan. 61, 145 P. 829, 831 (1915).

14. Fairview Fruit Co. v. H. P. Brydon & Bro., 85 W.Va. 609, 102 S.E. 231 (1920). *See* Schafer v. Schnabel, Op.No. 774, 494 P.2d 802 n. 3 (Alaska, 1972), for a discussion of these various rules of damages.

15. Instruction 14 stated as follows:
The measure of damages for damage to trees is the loss of the value of trees or the decrease in value of the land.

but relies on the assertion that the property owner should be able to recover for "infringement upon the individual pleasure or personal pleasure." Further, he asserts that this is an action for waste and argues that the distinction between damages for waste as opposed to damages for trespass is axiomatic.[16]

▮ Our review of the legal authorities casts extreme doubt on the purported distinction between the rule of damages for waste and for trespass. No such distinction is made by the legal authorities in formulating a rule for damages under circumstances similar to the case at bar. The only difference between the two doctrines is that if the party charged with destruction of the trees is rightfully in possession of the property he is guilty of waste, if not he has committed trespass.[17] The rule of damages, however, is the same in either case. We thus find no error in the instruction given or the admission of the expert testimony of the real estate appraiser.

▮ Finally, appellant's assertion that he is entitled to recovery for infringement upon his individual pleasure as property owner is at odds both with the law [18] and logic. Such a standard would make the award of damages turn basically upon the plaintiff's testimony as to his personal feelings rather than on the actual damages to the property. While the property owner is permitted to testify as to the market value of his land,[19] it is clear that the amount of damage to property in trespass as in

eminent domain cases is more appropriately the subject of expert testimony measured by an objective standard of damages. Such a course was properly followed herein.

The judgment of the superior court is affirmed.

BOOCHEVER, J., not participating.

16. Appellant characterizes the expert testimony and the damage instruction given as being identical to those given in the case of severance damages in condemnation cases. The two rules are quite similar, for they are both based on recovery for damage to the remaining property. *Cf.* 4A Nichols, Eminent Domain § 14.21 (Sackman, 3d rev. ed. 1971) and 4 G. Thompson, Real Property § 1853 (1961). Appellant also argues that this is somehow improper, but we are unable to ascertain any basis for this assertion. *Cf.* 1 Harper & James, The Law of Torts § 1.8, at 27 (1956) ; W. Prosser, Law of Torts § 13, at 66 (4th ed. 1971) ; C. Mc-

Cormick, Law of Damages § 126, at 491 (1935).

17. We freely concede that the failure of appellant to cite legal authority for his assertion has made consideration of his point in great depth somewhat difficult. *Cf.* 1 Harper & James, The Law of Torts § 1.8 at 27 (1956) ; W. Prosser, Law of Torts § 13, at 66 (4th ed. 1971) ; C. McCormick, Law of Damages § 126, at 491 (1935).

18. Foster v. Beard, 221 So.2d 319, 322 (La.App.1969).

19. *See* 5 Nichols, Eminent Domain § 19.4 [2] (Sackman, 3d rev. ed. 1969).