A–126–69
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT, v. ETHEL W. PROBASCO, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 28, 1970—Decided December 21, 1970.

548

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mr. David A. Biederman,* Deputy Attorney General, argued the cause for appellant (*Mr. George F. Kugler, Jr.,* Attorney General, and *Richard L. Bonello, Esq.,* attorneys).

*Mr. Ralph S. Heuser, Jr.* argued the cause for respondent Ethel W. Probasco (*Messrs. Heuser & Heuser,* attorneys; *Mr. Ralph S. Heuser,* of Counsel).

The opinion of the court was delivered by

CONFORD, P. J. A. D. In this condemnation case, tried to a jury, involving two separate properties of the same owner, but differently located, the trial judge vacated the jury verdict as to both properties on the ground that the testimony of the State appraisal expert, Walter H. Geary, "was wilfully false, * * * was of a substantial nature, could have affected the creditability of the witnesses" of the land-owner, "impeded cross-examination * * * as to a comparable property * * * and could have had an * * * influence" upon the jury's verdict. We granted leave to appeal.

Essentially, the trial court determined that the named witness testified willfully falsely in that he failed on direct examination to cite or use as a "comparable sale" a sale from Mapland Corporation to Jersey Central Power and Light Company of nearby property, and that he explained on cross and re-direct examination as his reason for failure to use the sale that the buyer was under stress of a special need to obtain land in the particular area for use as a sub-station to replace an existing sub-station being eliminated by a new jughandle on the highway. The basis for the con-clusion of willful falsity of the foregoing was the circum-stance that the same witness, in testifying for the State a few days later in another condemnation case but before a dif-

ferent judge, as to the value of property of one Kaupelis located in the general area of the Probasco and Mapland properties, had there cited and relied on the Mapland-Jersey Central sale in arriving at his valuation.

On the argument of the motion to vacate the judgment before the trial court the State requested the opportunity to have Geary explain by deposition his use of the Mapland sale in the *Kaupelis* case in the light of his failure to use it in the instant case, no inquiry as to that question having been addressed to him in either trial, but the request was denied. We ordered such a deposition to be taken, in the exercise of our original fact-finding jurisdiction, and will refer to it later, but we are of the view that the action of the trial court was unjustified without regard to the contents of the deposition.

We emphasize at the outset that the jury verdict was not set aside on the ground that it was against the weight of the evidence, notwithstanding that was one of the grounds of the motion to set aside the verdict, but only for the assertedly willfully false testimony of the State's appraisal expert.

■ It is clear that willfully false testimony of a witness may in some circumstances justify setting aside a verdict or judgment. But there are stringent qualifications on the appropriate exercise of the power to vacate on that ground. They have been stated as follows in *Shammas v. Shammas,* 9 *N. J.* 321, 330 (1952) :

". . . Perjured testimony that warrants disturbance of a final judgment must be shown by *clear, convincing and satisfactory evidence* to have been, not false merely, but to have been willfully and purposely falsely given, and to have been material to the issue tried and not merely cumulative *but probably to have controlled the result.* Further, a party seeking to be relieved from the judgment must show that the fact of the falsity of the testimony could not have been discovered by reasonable diligence in time to offset it at the trial or that for other good reason the failure to use diligence is in all the circumstances not a bar to relief. *Balip Automotive Repairs, Inc. v. Atlantic Casualty Ins. Co., supra.* Clearly the necessity to satisfy these tests before the judgment may be disturbed is itself a deterrent to repeated litigation of the same factual issues." (Emphasis ours).

See *Balip Automotive Repairs, Inc. v. Schroeder,* 8 *N. J. Super.* 238 (App. Div. 1950), aff'd, *Balip Automotive Repairs, Inc. v. Atlantic Casualty Insurance Co.,* 7 *N. J.* 152 (1951) ; *Cermak v. Hertz Corp.,* 53 *N. J. Super.* 455 (App. Div. 1958), aff'd o. b. 28 *N. J.* 568 (1959).

█ In the present case, the allegedly false testimony being that of an expert witness, the general rule aforestated must be further refined to reflect the concept that to be accounted perjurious the rendition by a witness of an opinion must be shown to have been adduced in bad faith, *i. e.,* that the opinion was one which in fact the witness did not entertain. *State v. Sullivan,* 25 *N. J. Super.* 484, 490 (App. Div. 1953), certif. den. 13 *N. J.* 289 (1953) ; *State v. Sullivan,* 24 *N. J.* 18, 43 (1957) (*per* Weintraub, J., dissenting).

█ Here, willful falsity by Geary could be predicated only on either (1) falsity of the witness's testimony in this case, on cross and re-direct examination, that in effect the Mapland sale was made under the influence of some compulsion on the part of the buyer or (2) that Geary's omission of use of the sale when testifying on direct examination was in bad faith, his true, concealed opinion being that the sale did have a bearing upon his evaluation of the parcels under appeal.

As to the first hypothesis of falsity, the theory of compulsion in the sale could be argued both ways, and Geary was vigorously cross-examined on the point. He said discussions with Jersey Central officials supported his view of the sale. If the property owner disputed the factor of compulsion she could have offered rebuttal on the point by her own expert witness, who did cite the sale as a comparable in his testimony (but only as to the "small" Probasco parcel, not the "large" one ; see *infra*). Thus (1) subject to the effect to be given the transcript of Geary's testimony in the *Kaupelis* case, as to which see *infra,* the trial court had no fair basis for finding Geary's testimony willfully false as to the *fact* of an element of compulsion in Jersey Central's purchase; and (2) there was no satisfaction of the requirement for relief that the de-

fendant should have been without the means to refute the fact at the trial. *Shammas v. Shammas, supra* (9 *N. J.* at 330).

In dealing with the second potential theory of falsity of the testimony — bad faith in failure as an expert witness to use the Mapland sale in evaluating the property under condemnation — some further explanation of the facts is necessary. Geary's failure below to use the Mapland sale is pertinent in the present context only to his valuation of the small Probasco piece, which is situated on the east side of Millhurst Tennent Road, a short distance south of Route 33. He was challenged by defendant on the sale only as to the small parcel. None of the witnesses on either side (the property owner had three experts) cited the sale as pertinent to the valuation of the large Probasco parcel which occupies the northwest corner of Route 33 and Millhurst Tennent Road, apparently because of the great size and depth of the latter. The Mapland parcel was on the east side of Millhurst Tennent Road, but became connected with Route 33 by a 35-foot easement grant which Jersey Central negotiated at about the time it purchased from Mapland. The Kaupelis property is on the south side of Route 33, some distance east of Millhurst Tennent Road, and directly across the highway from the Jersey Central easement. Route 33 was zoned commercial on both sides, but the small Probasco parcel was zoned residential at the time of the taking, being a vacant lot between two old residences. Geary testified that its highest and best use was for residential purposes. The Kaupelis property was the site of a tavern when taken.

As a matter of law and good real estate appraisal practice, the comparability of a sale to a subject property is a matter of the judgment of the individual appraiser, and different appraisers can and frequently do have good-faith differences of opinion. The comparability of a sale to a given subject property is not necessarily a mandate of its comparability to another subject property, even if located in the same general area. Differences in the highest and best use, the actual or

intended use, the zoning of the respective subject parcels, or other factors may legitimately lead an expert to the conclusion that the sale has probative valuation weight in relation to the one subject parcel but not to the other.

The essential criterion in an expert's decision to use a sale as a comparable is a substantial similarity of conditions. See the discussion in *Moorestown Tp. v. Slack,* 85 *N. J. Super.* 109, 113–114 (App. Div. 1964), certif. den. 43 *N. J.* 452 (1964). But the expert may well discount dissimilarity of one or more conditions, if there is such similarity as to others so that, after adjusting for the dissimilarities, there remains such educational value in the sale price as to help the appraiser in valuing the subject property. *Id.,* at 114. The differences requiring consideration, and, perhaps, adjustment, may include those as to physical aspects, degree of improvement, actual or highest and best use, location, time or date of sale and the degree of deviation from the willing buyer-willing seller concept (*e. g.,* as here, pressure on the buyer to buy or on the seller to sell). *Id.,* at 115.

The gist of the reason for the trial court's decision that Geary here gave willfully false testimony was that he used the Mapland sale as a comparable in the *Kaupelis* case but not in this one. But he was not questioned in *Kaupelis* concerning any factor going to the concept of willing buyer-willing seller as to that sale. For reasons hereinabove explained, Geary may well have considered that the Mapland sale was usable in valuing the Kaupelis property, after adjusting for the factor of compulsion in the sale, because of the outweighing factors of similarity of character of special use (commercial or industrial) and direct access to Route 33, with its high commercial location-value factor, and nevertheless rejected the sale in valuing the small Probasco piece because of the residential zoning and highest utility of the latter for residential purposes. In the deposition given by Geary after argument the foregoing is essentially, with some differences in detail and emphasis, the approach he took in explaining why he used the sale in testifying in the

*Kaupelis* case but not in this one. If Geary omitted the Mapland sale in his testimony in the present case for the dishonest purpose of keeping from the jury the relatively high value reflected by the sale, it is difficult to understand why he would not have had the same motive to omit the sale in testifying for the State in the *Kaupelis* case a few days later, where it was also to the State's interest to show lower location value. Yet he did cite it there.

The question here is not the soundness of Geary's approach or the probative weight of his testimony. That was for evaluation by the jury, which had the Mapland sale details before it, furnished, as noted above, by one of the defendant's experts. The verdict has not been held to be against the weight of the evidence. The issue is solely whether what the trial court had before it, including the transcript of the *Kaupelis* trial, justified a nullification of the instant verdict on the basis of a finding that Geary gave willfully false testimony in the present case or omitted the Mapland sale in his testimony dishonestly. We are firmly of the view that no such conclusion should have been drawn—much less that such alleged willful falsity or dishonesty was shown "by clear, convincing and satisfactory evidence" or that Geary's testimony as to the sale in either its positive or negative aspect could not reasonably have been met by defendant at the trial and that it "probably * * * controlled the result". *Shammas v. Shammas, supra* (9 *N. J.*, at 330).

We are not in accord with the view of our dissenting colleague that the matter should be remanded for redetermination by the trial judge as to the merits of the motion for new trial so far as based on the weight of the evidence. The judge's conclusions do not suggest a view by him that if Geary's testimony were not impugnable as willfuly false the verdict would be against the weight of the evidence. He could well have adopted that as an alternative ground for granting a new trial had that been his opinion but he did not. The verdict was, in our opinion, well within the evidence. Indeed,

as to the large Probasco tract, as noted above, no witness on either side used the Mapland sale.

Reversed.

CARTON, J. A. D. (dissenting). The omission by the State's expert witness in his direct testimony of any reference as a comparable to the recent sale of a tract in the immediate vicinity of the property being taken seems incongruous in light of his use of the very same sale only four days later in support of his opinion as to the value of similarly situated property being acquired by the State. The fact that the expert had made a field survey of all the tracts in this small area, that only a few sales were used as comparables, some of which involved properties more distant from the subject property than the Mapland sale, and that the Mapland property does appear to bear certain similarities to the property taken by the State underscores the omission of any reference to it. Especially is this so when it is recalled that the expert sought to justify the omission by the assertion that to consider the Mapland property as a comparable "would be grossly misleading."

Although these circumstances render this witness's testimony highly vulnerable to attack, they do not rise to the level of demonstrating by "clear, convincing and satisfactory evidence" that such testimony was willfully false or dishonest. Therefore, I agree with the view of the majority that a new trial should not have been granted on that ground. I differ, however, as to the disposition of this cause. The trial court, in view of its conclusion, found it unnecessary to consider the alternative ground presented by defendants in quest of a new trial. I would remand the matter for a determination as to whether the verdict was contrary to the weight of the evidence.

Value is the central issue in an eminent domain proceeding. In determining the amount to be awarded to the property owner, the jury must make its determination in large measure on the basis of opinion evidence of expert witnesses. The

validity of any such opinion evidence, and in turn, the weight to be attributed to it, depends heavily on which proximate property sales the expert uses as the basis for his opinion, the reasons for their asserted comparability, and the exclusion of other sales from consideration. Here, the sale price of the omitted property, if accepted as a comparable, would have justified a much higher verdict than the jury saw fit to award. That verdict closely followed the conclusion offered by the State's expert Geary as to the value of both parcels being acquired. Inescapably, the jury attributed great weight to the critical testimony of this witness, the only one offered by the State as to value. The trial judge was in a peculiarly advantageous position to gain the feel of this case through observation of the demeanor of this witness during the course of the several days of trial. In view of all the circumstances and the strong doubts Judge Crahay expressed as to the credibility of this witness, it is my view that the matter should be remanded for a determination of the merits of the alternate ground urged for a new trial.