123 N.J. Super. 457 (1973)
303 A.2d 598
PATERSON REDEVELOPMENT AGENCY, ETC., PLAINTIFF-RESPONDENT,
v.
JACK BIENSTOCK AND MARIE BIENSTOCK, HIS WIFE, MAURICE SCHNEIGEIGER AND SONIA SCHNEIGEIGER, HIS WIFE, DEFENDANTS-APPELLANTS, AND ALEXANDER HAMILTON SAVINGS AND LOAN ASSOCIATION, ETC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1973.
Decided April 16, 1973.
*459 Before Judges LORA, ALLCORN and HANDLER.
Mr. Edward D. McKirdy argued the cause for the appellants (McKirdy and Riskin, attorneys).
Mr. Charles T. Murphy, Jr., argued the cause for the respondent (Jeffer, Walter, Tierney, DeKorte, Hopkinson & Vogel, attorneys).
PER CURIAM.
Our review of the record persuades us that there was error in the trial of this proceeding prejudicial to defendants and requiring a reversal.
The trial court should not have barred counsel for defendants from cross-examining plaintiff's expert, out of the presence of the jury, on the question of the comparability of the February 11, 1969 sale of the premises at 21 Carroll Street, Paterson, since comparability is a question for the court in the first instance, In re Morris & Cummings Dredging Co., 96 N.J.L. 248, 254 (E. & A. 1921); In re Port of New York Authority, 28 N.J. Super. 575, 581 (App. Div. 1953). Moreover, it is apparent from the record that, at the time of the sale of 21 Carroll Street, it was not substantially similar to the premises condemned  the former had sustained fire damage sufficient to render 4 of the 11 dwelling apartments uninhabitable. Notwithstanding such damage and despite the further fact that the plaintiff's expert was completely unaware of the damaged condition of the building and, when it was disclosed at trial, made no adjustment on account of it, the trial court declined to instruct the jury to disregard the sale. See State v. Probasco, 114 N.J. Super. 546, 552 (App. Div. 1970), aff'd 58 N.J. 372 (1971).
Likewise, the instructions to the jury with reference to burden of proof were erroneous. In this State the basic issue in a condemnation proceeding is the amount of just compensation which the owner is to receive for the property taken by the condemning authority  i.e., the fair market *460 value where, as here, the property condemned is the whole of a residential property. N.J. Const. (1947), Art. I, par. 20; State v. Gallant, 42 N.J. 583, 587 (1964). The burden of proof concept has no place in such an inquiry. As stated by the Supreme Court of Alaska in State v. 45,621 Square Feet of Land, 475 P.2d 553 (1970):
In a condemnation proceeding * * * where the sole issue is determination of just compensation, procedural rules involving the concept of risk of failure to persuade are inapposite. Here the focal point of the trier of fact's inquiry is the ascertainment of just compensation. Thus, regardless of whether the condemning agency or the property owner meets a given burden of persuasion, Alaska's constitutional mandate requires that the owner be awarded just compensation for the property he has lost. In the usual condemnation case, the jury is confronted with conflicting opinions as to value. The jury is not faced with the necessity of finding a particular value or no value at all. As to the issue of fair market value, both the condemning agency and the property owners may produce competent evidence of the fair market value of the condemned property. Absent the production of such evidence by either party, the triers of fact will determine fair market value solely from the other party's evidence. The burden of production facet of burden of proof, rather than the risk of non-persuasion aspect, is the more meaningful concept in the trial of a condemnation proceeding. [at 555]
We have examined the other grounds urged by the defendants as error, and find no substance or merit to any of them.
Reversed and remanded for a new trial.