469 P.2d 67

**Imogene LEWIS and Clarence R. Lewis, husband and wife, and Norma Lee Lewis, a single woman, Appellants,**

v.

**SOUTHERN PACIFIC CO., Inc., a corporation, Appellee.**

**No. 9880.**

Supreme Court of Arizona, In Division.

May 14, 1970.

———————

W. Roy Tribble, Chandler, for appellants.

Evans, Kitchel & Jenckes, by Robert R. Mills, Phoenix, for appellee.

HAYS, Justice.

Plaintiffs in this personal injury action are Imogene and Clarence Lewis, husband and wife, and their daughter, Norma Lee. Imogene was seriously injured when, as a passenger in a westbound automobile driven by Norma Lee, the car left Baseline Road and plowed into a hidden irrigation flume. The flume was appoximately twenty feet north of Baseline Road and forty three feet east of defendant Southern Pacific Company's railroad tracks which cross Baseline Road in a north-south direction near Kyrene Road in the City of Phoenix. In their complaint, plaintiffs alleged that the accident was caused by the negligence of the defendant railroad, in that the crossing was obstructed and the automatic warning device at the crossing failed to operate properly, all of which caused plaintiff Norma Lee Lewis to be unaware of the presence of defendant's train until the train began to cross Baseline Road. In order to avoid colliding with the train, plaintiff Norma Lee swerved her vehicle to the right, leaving the road and crashing into the cement irrigation flume.

After the close of the evidence at trial, plaintiffs requested instructions on the doctrine of last clear chance, on a greater degree of care required of the defendant railroad where an obstructed crossing exists, and on the weight and credibility to be given to an admission against interest of Norma Lee. All three instructions were refused by the trial court. Plaintiffs objected on the grounds that the refusal of their requested instructions "did not comply with the law in the State of Arizona, and was prejudicial to the plaintiffs in that (they were) prevented from fully developing the theory and proving the theory of their case." The jury returned a verdict for the defendant railroad. Plaintiffs did not move for a new trial, but rather appealed directly from the trial court's judgment, contending that the trial court erred in refusing to instruct the jury as requested.

On appeal, defendant urges that plaintiffs' failure to move below for a new trial precludes any consideration by this court of the merits of plaintiffs' contentions. The argument states that the procedural law of Arizona requires a party displeased with a trial court's approval or denial of requested instructions to move for a new trial, based on the alleged error(s) in the instructions, before he is entitled to have the matter reviewed by an appellate court. A.R.S. § 12–2102 defining the scope of appellate review is set forth fully as follows:

A. Upon an appeal from a final judgment, the supreme court shall review any intermediate orders involving the merits of the action and necessarily affecting the judgment, and all orders and rulings assigned as error, whether a motion for a new trial was made or not.

B. If a motion for new trial was denied, the court may, on appeal from the final judgment, review the order denying the motion although no appeal is taken from the order.

C. On an appeal from a final judgment the supreme court shall not consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial was made.

For a background discussion of A.R.S. § 12–2102, see our opinion in Hays v. Richardson, 95 Ariz. 263, 389 P.2d 260 (1964).

Subsection A of the statute appears to require this court to review "all orders and rulings assigned as error, *whether a motion for new trial was made or not*" (emphasis added). Subsection C however provides an exception to A, that where the alleged error concerns "the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury," the aggrieved party must move for a new trial in order to have the matter reviewed on appeal. It is our view that because a review of a trial court's refusal to instruct as to a party's theory of the case requires an

examination to determine if there is sufficient evidence to support that theory, subsection C applies. In order to have this court review the failure of the trial court to instruct, the appellant must first have moved for a new trial.

If the appellant had desired a review of the legality of the instructions given there would have been no necessity to move for a new trial, but such is not the case here. The failure of the appellant to move for new trial precludes an examination of the sufficiency of the evidence which is a requisite to reviewing the court's refusal to instruct on specified theories of law.

The judgment of the trial court is affirmed.

LOCKWOOD, C. J., and STRUCK-MEYER, V. C. J., concur.