898 P.2d 478

**LIFE INVESTORS INSURANCE COMPANY OF AMERICA, an Iowa corporation, Plaintiff–Appellee,**

**v.**

**HORIZON RESOURCES BETHANY, LTD., a California limited partnership, FSD Corporation, a California corporation; C. Randolph Strada and Judith L. Strada, husband and wife, Defendants, Cross–Claimants–Appellants.**

**No. 1 CA–CV 93–0220.**

Court of Appeals of Arizona,
Division 1, Department B.

March 9, 1995.

Petition for Review Withdrawn
June 27, 1995.

530

Allen, Kimerer & LaVelle by Michael J. LaVelle and Merrick B. Firestone, Phoenix, for defendants, cross-claimants-appellants.

Streich Lang by Robert E. Miles, Timothy J. Thomason and Janell Adams–Vogl, Phoenix, for plaintiff-appellee.

## OPINION

NASTRO, Judge.[1]

Horizon Resources Bethany, Ltd. ("Horizon") appeals from a judgment allowing re-

---

1. The Honorable Daniel E. Nastro, Judge of the    Superior Court of Arizona, was authorized by the

covery of a deficiency in a post-trustee's sale deficiency action, arguing that it was entitled to a jury trial instead of a trial to the court with an advisory jury. In addition, Horizon argues that the court failed to give certain requested instructions. We find no reversible error and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Life Investors Insurance Company of America ("Life Investors") made a loan of approximately $4.3 million to Horizon. The loan was evidenced by a promissory note which was secured by a deed of trust on real property. Horizon defaulted and a trustee's sale was conducted at which Life Investors purchased the property. Life Investors sued, seeking a deficiency judgment pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 33–814. Life Investors sued not only Horizon and its general partner, FDS Corporation, but also C. Randolph and Judith L. Strada and Douglas Stock, who had signed agreements guaranteeing the loan.

Because the trial court had resolved as a matter of law that the Stradas and Stock were guarantors of the debt in the amount of $4,199,856.28, the only question for determination by the trier of fact was the amount of the fair market value of the property at the time of the trustee's sale. Once the fair market value was determined, the amount of the deficiency could be ascertained and judgment entered accordingly.

Initially, the trial court denied Horizon's specific request for a jury trial, holding that the issue of fair market value would be determined by the court. Later, the trial court determined that an advisory jury would be used regarding the remaining issue of the fair market value of the property. After a five-day trial, the advisory jury returned an interrogatory verdict finding the fair market value to be $2,677,349.

The trial court found the advisory jury's verdict to be reasonable and adopted it as its own finding. By deducting that sum from the court's previous determination of the amount of the debt, the court found the defendants liable for a deficiency judgment in the amount of $1,522,507.28 and entered judgment accordingly. All of the defendants, with the exception of Douglas Stock, have appealed the trial court's judgment.

## DISCUSSION

Horizon requests this Court to find that the trial court erred in denying its request for a jury trial on the issue of fair market value at the time of the sale. Arizona Revised Statutes Annotated section 33–814(A) governs this cause of action and provides:

[T]he deficiency judgment shall be for an amount equal to the sum of the total amount owed the beneficiary as of the date of the sale, as determined by *the court* less the fair market value of the trust property on the date of the sale as determined by *the court* or the sale price at the trustee's sale, whichever is higher.... The fair market value shall be determined by *the court* at a priority hearing upon such evidence as the court may allow. *The court* shall issue an order crediting the amount due on the judgment with the greater of the sales price or the fair market value of the real property.

(emphasis added). Horizon argues that the statute, because it does not refer to "the court, sitting without a jury," confers a statutory right to a jury in a deficiency action. Horizon also argues that it possesses a constitutional right to a jury trial. We disagree.

Statutes should be given their usual and plain meaning. *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). A deficiency action under A.R.S. section 33–814 is created by statute. The language emphasized above plainly states that the trial court is to determine fair market value and that the court shall issue an order crediting the amount due on the judgment. Nowhere in the language of the statute is a jury suggested or required. *See Hoyle v. Superior Court*, 161 Ariz. 224, 227, 778 P.2d 259, 262 (App.1989) (holding that the statutory provision requiring paternity actions to be tried to the "court" did not confer a right to a jury trial). Additionally, Division Two of this Court has held that statutory usage of the

*Chief Justice to participate in this appeal pursu-* ant to Ariz. Const. art. VI, § 3.

term "court" is usually synonymous with "judge" and therefore does not require a trial by jury. *Campbell v. Superior Court,* 12 Ariz.App. 398, 399–400, 470 P.2d 718, 719–20 (1970).

Moreover, Horizon has no constitutional right to a jury trial in this type of action. Arizona Constitution Article II, section 23 *preserves* a right to a jury trial in only those actions that existed at common law when the Arizona Constitution was adopted in 1910. *Hoyle,* 161 Ariz. at 227, 778 P.2d at 262. Since the deed of trust statute was enacted in 1971, there was no provision for this type of statutory action in 1910, and, hence, no issue exists regarding preservation of a nonexistent right. *See* 1971 Ariz.Sess. Laws Ch. 136, § 7. Thus, there is no requirement for a jury under the Arizona Constitution or A.R.S. section 33–814. *See also Greer v. Goesling,* 54 Ariz. 488, 492, 97 P.2d 218, 219 (1939) (there is no right to a nonadvisory jury in a judicial foreclosure action).

Horizon next argues that the trial court gave an inadequate instruction to the jury about Life Investors' burden of proving fair market value. The trial court instructed the jury that "[t]he plaintiff has the burden of proving the fair market value is more probably true than not true." This instruction followed an instruction defining "fair market value" as "the most probable price, as of the date of the sale in cash or in terms equivalent to cash, for which the real property would sell after reasonable exposure in the market under conditions requisite to a fair sale with the buyer and seller each acting prudently, knowledgeably and for self-interest, and assuming that neither is under duress." The jury was also given an interrogatory verdict in which it was asked to determine the fair market value of the property as of June 28, 1991, which was the date of the trustee sale.

Appellants argue that the trial court erred in refusing their request for RAJI (Civil) 2d Standard Instruction No. 9, which defines "burden of proof" as follows:

> Burden of proof means burden of persuasion. A party who has the burden of proof must persuade you by the evidence that the claim is more probably true than not

true. In other words, the evidence supporting a proposition that a party has the burden of proving must outweigh the evidence opposed to it. In determining whether a party has met this burden, you will consider all the evidence, whether produced by plaintiff or defendant.

Horizon argues that by not defining what "the burden of proof" means, the trial court left the jury in a quandary as to what exactly Life Investors had to do in order to carry its burden of persuasion. We disagree.

In reviewing jury instructions, the test is whether, "considering the instructions as a whole, the challenged instructions mislead the jury as to the proper rules of law." *Rodriguez v. Schlittenhart,* 161 Ariz. 609, 614, 780 P.2d 442, 447 (App.1989). A jury instruction need not be a model instruction, as long as it does not mislead the jury when the instructions are read together and in light of each other. *Anderson Aviation Sales Co., Inc. v. Perez,* 19 Ariz.App. 422, 430, 508 P.2d 87, 95 (1973).

The only issue the jury was to decide was the fair market value of the property on the date of the trustee sale. The jury was not required either to accept the value plaintiff asked it to find or to conclude that the property had no value. With respect to the "burden of proof" on the issue of fair market value, the Washington Supreme Court discussed the proposed jury instruction regarding "fair market value" in a condemnation case:

> [T]here should be hereafter no suggestion that either the property owner or the condemner, in such a case, has to prove the fair market value at the time of trial of the property being condemned. After the condemner has met the burden of going forward with the evidence as to value, it is a question for the jury on the probative effect of all the evidence regardless of who offered it, and the jury should be so instructed.

*State v. Amunsis,* 61 Wash.2d 160, 377 P.2d 462, 465 (1963). In a similar situation, the Alaska Supreme Court said:

> In the usual condemnation case, the jury is confronted with conflicting opinions as to

value. The jury is not faced with the necessity of finding a particular value or no value at all. As to the issue of fair market value, both the condemning agency and the property owners may produce competent evidence of the fair market value of the condemned property. Absent the production of such evidence by either party, the triers of fact will determine fair market value solely from the other party's evidence. The burden of production facet of burden of proof, rather than the risk of nonpersuasion aspect, is the more meaningful concept in the trial of a condemnation proceeding.

*State v. 45,621 Square Feet of Land,* 475 P.2d 553, 555 (Alaska 1970).

Whether a "regular" trial jury or an advisory jury considers the issue, the scope of the jury's inquiry is exactly the same, namely, the fair market value of the property on the day of the sale. The instructions given adequately instructed the jury about the scope of that inquiry.

Moreover, any error in the instructions did not prejudice Horizon. If any prejudice occurred, it would have been to Life Investors which, by virtue of the trial court's ruling, was required to prove that its fair market evaluation was "more probably true than not true" although, in actuality, Horizon had the burden of going forward with the evidence, leaving it to the jury to determine value from all the evidence presented. Examining the jury instructions as a whole, combined with the wording of the interrogatory verdict, we conclude that the trial court properly informed the jury of its duty to determine the fair market value from all the evidence presented and the trial court did not err in refusing the RAJI instruction defining burden of proof.

■ Appellants further argue that the trial court erred in refusing a requested instruction telling the jury that Life Investors was required to mitigate its damages. Appellants argue they were entitled to this instruction because they presented evidence showing that Life Investors, after taking over the property, failed to actively market it and allowed the property to deteriorate, both of which affected its value.

We find no merit to this argument for two reasons. First, we agree with Life Investors that Horizon did not properly preserve this alleged error for appeal. Horizon does not attack the legality of an instruction given but argues that the trial court failed to instruct on a theory within the case for which evidence was presented. Horizon, however, failed to move for a new trial on the basis of its objection.

In *Lewis v. Southern Pac. Co., Inc.,* 105 Ariz. 582, 583, 469 P.2d 67, 68 (1970), the Arizona Supreme Court differentiated between the situation in which an appellant desires review of the legality of instructions given and that in which the appellant complains of the trial court's refusal to instruct as to his theory of the case. In *Lewis,* the court stated that there is no necessity to move for a new trial in order to review the legality of instructions given, as contrasted to the necessity to move for a new trial when complaining of the trial court's refusal to instruct as to a party's theory of the case. *Id.* The court pointed out that A.R.S. section 12–2102(C) provides that a reviewing court shall not consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for new trial is made. Referring to the effect of that statutory subsection, the court explained:

> It is our view that because a review of a trial court's refusal to instruct as to a party's theory of the case requires an examination to determine if there is sufficient evidence to support that theory, subsection C applies. In order to have this court review the failure of the trial court to instruct, the appellant must first have moved for a new trial.
>
> If the appellant had desired a review of the legality of the instructions given there would have been no necessity to move for a new trial, but such is not the case here. The failure of the appellant to move for new trial precludes an examination of the sufficiency of the evidence which is a requisite to reviewing the court's refusal to instruct on specified theories of law.

*Id.*

Second, even if we consider this issue on the merits, we find no error in the trial

court's refusal to give the requested instruction on mitigation. Life Investors correctly points out that mitigation is a concept that applies to "damages."

A party's failure to mitigate damages may be invoked to negate and reduce damages where the party by its own voluntary activity has unreasonably exposed itself to damage or increased its injury. *SDR Associates v. ARG Enterprises, Inc.*, 170 Ariz. 1, 4 n. 2, 821 P.2d 268, 271 n. 2 (App. 1991) (citing McCORMICK ON DAMAGES, § 34 at 131 (1934)). In this case, the jury's only role (whether denoted as advisory or trial jury) was to determine the fair market value of the property as of the date of the trustee's sale. Arizona Revised Statutes section 33–814 clearly requires a determination of the fair market value "as of the date of the sale." The evidence is undisputed that Life Investors did not acquire the property until after the date of the sale, and therefore, nothing it did after the trustee's sale could have altered the value of the property on the date of the sale. As such, "mitigation" was not possible. An instruction on that concept would have confused the jury and would have been error. Unless an issue is supported by the evidence, it is improper to instruct the jury on it. *DeElena v. Southern Pac. Co.*, 121 Ariz. 563, 569, 592 P.2d 759, 765 (1979).

When value is to be fixed and determined as of a date certain, increases or decreases in value from that point in time should not be considered in the valuation. *See Flood Control Dist. of Maricopa County v. Hing*, 147 Ariz. 292, 297, 709 P.2d 1351, 1356 (App.1985). At trial, Horizon sought to show that the expert witness for Life Investors had improperly considered things that had happened to the property after the sale in arriving at his determination of value on the date of the sale. The court admitted evidence of Life Investors' post-sale leasing efforts and management to enable the jury to test the assumptions on which the expert based his valuation, and the appellants were not prevented from arguing to the jury that his valuation was based on improper assumptions. The jury was allowed to give this evidence the weight it deemed appropriate on the valuation question. This evidence,

however, had nothing to do with mitigation. The court's failure to instruct on mitigation was not error.

### *CONCLUSION*

Horizon did not have a statutory right, nor a constitutional right, to a jury for the determination of fair market value. Additionally, Horizon has not demonstrated that the trial court committed any error in giving instructions to the jury. We affirm the judgment of the trial court.

McGREGOR, P.J., and VOSS, J., concur.