NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FANNIE MAE, a corporation organized and existing under the laws of the United States, | Nos. 16-15065 16-15290 |
| Plaintiff-Appellee, | D.C. No. 4:12-cv-00301-RCC-BGM |
| v. | |
| ANTHONY P. LARUFFA, individually and as trustee of Camino Real Trust UTD 7/22/98 and JOHN GRASSIA, individually and as trustee of Grassia Trust UTD 12/23/95 as Amended and Restated 10/9/06, | MEMORANDUM[*] |
| Defendants-Appellants. | |

| | |
|---|---|
| FANNIE MAE, a corporation organized and existing under the laws of the United States, | No. 16-15131 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-00301-RCC-BGM |
| v. | |
| ANTHONY P. LARUFFA, individually and as trustee of Camino Real Trust UTD 7/22/98 and JOHN GRASSIA, individually and as trustee of Grassia Trust UTD 12/23/95 as Amended and Restated 10/9/06, | |
| Defendants-Appellees. | |

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted June 9, 2017
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and DAVILA,** District Judge.

This case involves an appeal and cross-appeal challenging the district court's determination of the fair market value of a residential apartment complex in Tucson, Arizona (the "Property"). Defendants-appellants and cross-appellees Anthony P. LaRuffa and John Grassia (collectively "Defendants") argue that the district court erred by crediting Craig Johnson's appraisal report and testimony and by starting its analysis of the fair market value of the Property at Johnson's $5.1 million estimate. Plaintiff-appellee and cross-appellant Fannie Mae ("Fannie Mae") argues that the district court erred by finding that LaRuffa added $700,000 in improvements to the Property. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's fair market value determination is a finding of fact that we review for clear error. *In re Arnold & Baker Farms*, 85 F.3d 1415, 1421 (9th Cir. 1996). We affirm in part, reverse in part, and remand.

---

** The Honorable Edward J. Davila, United States District Judge for the Northern District of California, sitting by designation.

1. A factual finding is clearly erroneous when it is "illogical, implausible, or without support in the record." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). Clear error occurs only when the appellate court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Here, the district court found Johnson's report reliable and credible, and therefore appropriately began its fair market valuation at Johnson's estimate. The district court's conclusion that the fair market value of the property started at $5.1 million was not clearly erroneous.

Defendants argue that the report was for a date other than the date of the trustee sale and that Johnson did not connect his valuation to the date of sale. But even under the case on which Defendants rely for this argument, a valuation conducted months before the date of a trustee sale may be credited so long as evidence is presented that connects the date of valuation to the date of the sale. *See FDIC v. Wiseman*, 2012 WL 5363006, at *3 (D. Ariz. Oct. 31, 2012). Here, Johnson connected his appraisal estimate to the date of sale.

Defendants next argue that Johnson's report was unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–90 (1993), under which the district court is obligated to ensure that expert testimony is relevant and reliable. But Johnson is a highly qualified appraisal expert who used acceptable

3

methodologies to reach his $5.1 million estimate. The district court did not err by crediting Johnson's expert testimony.

Defendants next argue that Johnson improperly testified on behalf of a third party expert named Aquaterra Assessments. But experts may rely on other reports that would otherwise be hearsay to explain the basis of their expert opinion. *See, e.g.*, *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261–62 (9th Cir. 1984). Moreover, Johnson's reliance on Aquaterra Assessments accounted for a only small fraction of his total appraisal, and Johnson testified that reliance on Aquaterra is reasonable for professionals in his field.

Finally, Defendants argue that the district court improperly allowed testimony regarding a valuation of the Property at a time post-dating its sale. But under Arizona law, such testimony can be admitted as evidence to test an expert's assumptions, so long as the evidence is not used in the valuation itself. *See, e.g.*, *Life Inv'rs Ins. Co. of Am. v. Horizon Res. Bethany, Ltd.*, 898 P.2d 478, 483 (Ariz. Ct. App. 1995).

Because the district court's decision to credit Johnson's appraisal as a starting point was not clearly erroneous, we affirm with respect to Defendants' appeal. *See In re Retz*, 606 F.3d at 1196.

2. As to Fannie Mae's cross-appeal, the district court, after starting its analysis at Johnson's proposed $5.1 million valuation, added $350,000, which is

the amount that LaRuffa testified that he spent on improvements to the Property between March 2011 and February 2012. The district court then, without any explanation, doubled the $350,000 and added $700,000 to the $5.1 million to reach a total valuation of $5.8 million. Because the district court did not provide any explanation for its decision, the district court's decision to double the $350,000 lacked support in the record. *See id*. We therefore reverse with respect to Fannie Mae's cross-appeal and remand this case so that the district court can recalculate the fair market value or explain the basis for its calculation.

3. Finally, Defendants ask us to reverse the award of attorney's fees and costs to Fannie Mae if we rule in favor of Defendants. Since we rule in favor of Fannie Mae, which remains the prevailing party, we affirm the district court's award of attorney's fees and costs to Fannie Mae.

**AFFIRMED in PART; REVERSED in PART; REMANDED.** The parties shall bear their own costs on appeal.